**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR., | : | CIVIL ACTION NO. |
| | : | 3:00CV2382 (JCH) |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| MARQUIS, ET AL., | : | MARCH 19, 2004 |
| DEFENDANTS | : | |

**PLAINTIFF'S RULE 56(c)(1) STATEMENT-POLICE**

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit. Deny, in part. Plaintiff's 56(c)(2) Statement ¶ 220.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit. Russo's psychiatrist, Dr. Hall provided a letter to the HPD indicating that Russo was fit for duty but could not return to the hostile environment of the HPD. Plaintiff's 56(c)(2) Statement ¶ 191, 221.

24. Admit. The Hpd never provided Russo with the opportunity to receive training outside the HPD which is common practice at either the State Police or Academy.. Plaintiff's 56(c)(2) Statement ¶ 203.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

Case 3:00-cv-02382-JCH    Document 57    Filed 04/21/2004    Page 3 of 6

32. Admit.

33. Admit.

34. Deny. Plaintiff's 56(c)(2) Statement Section IX(A). Lawlor threatened Russo following the October 30, 1997 threat. Plaintiff's 56(c)(2) Statement ¶ 152, 204.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Deny, in person his actions after physical threat was relayed 10/30/97

40. Admit

41. Deny. Plaintiff's 56(c)(2) Statement ¶ 152, 204.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Deny. Marquis was deposed in the case of Stack v. City of Hartford, on October 21, 2001.

51. Deny. As the Chief Marquis had knowledge of Russo's employment history. Police Defendants 56(1)a # 2382 Statement ¶ 63.

52. Deny. As the Chief Marquis had knowledge of Russo's employment history. Police Defendants 56(1)a # 2382 Statement ¶ 63.

53. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

54. Deny. As the Chief Marquis had knowledge of Russo's lawsuits which stated such allegations.

55. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

56. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

57. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

58. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

59. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

60. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

61. Deny. As the Chief Marquis had knowledge of the Department's activities and prior investigations of corruption.

62. Admit.

63. Admit.

64. Admit.

65. Deny. Police Defendants 56(1)a # 2382 Statement ¶ 63.

66. Deny. As the Chief Marquis had knowledge of Russo's employment history. Police Defendants 56(1)a # 2382 Statement ¶ 63.

67. Admit.

68. Deny.

69. Deny.

70. Admit.

71. Admit.

72. Admit.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Admit.

78. Admit.

79. Admit.

80. Admit.

81. Admit.

82. Admit.

83. Admit.

Case 3:00-cv-02382-JCH     Document 57     Filed 04/21/2004     Page 5 of 6

        THE PLAINTIFF,
        NICHOLAS O. RUSSO, JR.


By:_____
James Brewer
Erin I. O'Neil
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT  06119
(860) 523-4055
Federal Bar # ct 23073