**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR., | : | CIVIL ACTION NO. |
| | : | 3:00CV2382 (JCH) |
| PLAINTIFF, | : | |
| | : | |
| V. | : | |
| | : | |
| MARQUIS, ET AL. | : | MARCH 19, 2004 |

**PLAINTIFF'S RULE 56(c)(1) STATEMENT-CITY**

1. Admit.

2. Deny. The Hartford Police Department was involved in the arrest, specifically Sergeant Hajdasz. Plaintiff's 56(c)(2) Statement ¶271.

3. Admit.

4. Deny. The suspension was pending only the criminal charges not the administrative procedures.

5. Deny. Russo's gun was seized illegally on November 4, 1997 by Captain Flaherty during Russo's custody for drug test and never returned to him even when ordered back to work in December 1997. Russo's badge was seized by Sergeant Hydasz during search of Russo's home for prescriptions. Plaintiff's 56(c)(2) Statement ¶ 271.

6. Admit.

7. Admit.

8. Deny.   On November 1, 2000, the Personnel Department did not require Russo with

    any conditions to return to work other than to present a fit for duty release and to meet certification requirements. Plaintiff's 56(c)(2) Statement ¶220.

9. Deny. On November 1, 2000, the Personnel Department did not require Russo with any conditions to return to work other than to present a fit for duty release and to meet certification requirements. Plaintiff's 56(c)(2) Statement ¶220.

10. Deny.   Russo did submit a fitness for duty note from Dr. Hall dated November 28, 2000 Russo September 25, 2003, at 176-77; Plaintiff's 56(c)(2) Statement ¶220, 221.

11. Admit

12. Deny   The note clearly stated that the Hartford PD remained a hostile work enviroment for Russo and that the City never addressed these concerns by Russo or Hall . Plaintiff's 56(c)(2) Statement ¶ 221; Russo September 25, 2003 at 176-178.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Deny. Russo's status has changed numerous times since he was suspended in December 1997. Plaintiff's 56(c)(2) Statement ¶ 219.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Deny. Chief Marquis can create policy through practices and past practice.

26. Admit.

27. Admit.

28. Deny. Chief Marquis can create policy through practices and past practice.

29. Deny. Chief Marquis can create policy through practices and past practice.

30. Admit.

31. Admit.

32. Admit.

33. Deny. The Chief's make their own policies and enforce them through their subordinates.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Deny.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Deny. Chief Croughwell, did not follow any rules or regulations when he took Russo into

       custody 11/04/97, disarmed him , and ordered him out of work , not to drive without any

       Field Soberity Test under rules and regulations

47.    Admit.

48.    Admit.

49.    Admit.

50.    Admit.

51.    Admit.

52.    Admit.

53.    Admit.

54.    Admit.

55.    Admit.

56.    Admit.

57.    Admit.

58.    Deny.

                                       THE PLAINTIFF,
                                       NICHOLAS O. RUSSO, JR.


                                       By:_____
                                       James Brewer
                                       Erin I. O'Neil
                                       Brewer & O'Neil
                                       818 Farmington Avenue
                                       West Hartford, CT  06119
                                       (860) 523-4055
                                       Federal Bar # ct 23073