UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NICHOLAS O. RUSSO, JR. | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | 3:97 CV 2380 (JCH) (lead case) |
| | : | 3:00 CV 2382 (JCH) ✓ |
| v. | : | 3:00 CV 1794 (JCH) |
| | : | |
| CITY OF HARTFORD, ET AL. | : | |
| | : | |
| Defendants. | : | May 21, 2004 |

### DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO STRIKE

Defendants Joseph Croughwell, Jeffrey Flaherty, David Kenary, Daryl Roberts, Christopher Lyons, Robert Lawlor, James Rovella, Charles Lilley and Robert Rudewicz (together, "Police Defendants") and the City of Hartford ("Hartford") jointly submit this Reply to Plaintiff's Opposition to Defendants' Motion to Strike.[1]

    A.    **PLAINTIFF'S EXHIBITS HAVE NOT BEEN PROPERLY AUTHENTICATED AND SHOULD BE STRICKEN.**

Plaintiff argues that the exhibits he submitted were "presented at depositions, were made exhibits at depositions in this case and were authenticated at such time..." Plaintiff's

---

[1] Defendants rely on their Memorandum in Support of their Motion to Strike ("Def. Mem.") with respect to the plaintiff's arguments not addressed in their Reply.

Memorandum in Opposition to Motion to Strike ("Plf. Mem.") at 3. However, Plaintiff has not identified in either his Memoranda in Opposition to the Motion to Strike or in Opposition to Defendants' Motions for Summary Judgment, where any such exhibits were introduced or authenticated in any deposition transcript. Apparently, Plaintiff seeks to have the Court comb the record to locate the relevant deposition excerpts where such exhibits were purportedly authenticated.

Plaintiff also argues that "the majority of the exhibits were produced from the defendants..." Id. He does not, however, identify any of the exhibits to which he refers. Further, even if the Defendants produced through discovery one or more of the documents relied on by Plaintiff, this does not automatically authenticate such documents. These exhibits still need to be authenticated by way of an affidavit or reference to deposition testimony, which Plaintiff has not done.

**B.    PORTIONS OF RUSSO'S AFFIDAVIT SHOULD BE STRICKEN.**

Russo argues that paragraphs 6 and 11 of his Affidavit do not contradict his deposition testimony. Plaintiff's deposition transcript speaks for itself and cannot be altered despite Plaintiff's counsel's best efforts to spin Plaintiff's testimony. With respect to his claim in Paragraph 6 that Croughwell disclosed confidential information to the *Hartford*

2

*Courant*, Russo testified that he had no knowledge of facts to support such allegation. Russo Vol. V at 31. Plaintiff's assertion in his Memorandum that "the continuation of [his] deposition transcript further illustrates that [he] did have personal knowledge that Croughwell provided information regarding [his] drug test to the Hartford Courant" is unsupported by citation to the record and is completely unfounded. Plf. Mem. at 4.

Plaintiff argues that the allegations in Paragraph 11 of his Complaint in Russo v. Glasser were not "sworn statements made under oath" because it was drafted and signed by his attorney and therefore cannot be deemed to contradict the averments of his affidavit. Id. However, it is well established that a party cannot contradict his own pleadings with affidavits. See Bellefonte Re Ins. Co. v. Argonaut Ins. Co., 757 F.2d 523, 528 (2d Cir. 1985) (holding that allegations in a Complaint are "judicial admissions"); see also Soo Line R.R. Co. v. Saint Louis Southwestern Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) ("plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts" and "judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible"). Russo's deposition testimony along with his Complaint in Russo v. Glasser establish that he was acting pursuant to his duties as a police

officer when he allegedly participated in a federal corruption probe of the Hartford Police Department.

  **C. THE COURT SHOULD STRIKE PLAINTIFF'S 56(a)2 STATEMENT.**

  Plaintiff argues that he submitted one Statement of Facts in Dispute as a matter of administrative convenience. Plf. Mem. at 5-6. However, this fails to address the Defendants' argument; there is no way for Defendants or the Court to determine which of the alleged material facts in dispute is germane to each of the three actions. Thus, Plaintiff's Local Rule 56(a)2 Statement is defective and should be stricken.

  **D. THE COURT SHOULD STRIKE ALL OR PORTIONS OF PARAGRAPHS 2, 5, 20, 27, 29, 47, 48, 56, 57, 60, 66, 74, 76, 82, 86, 88, 112, 113, 114, 116, 120, 123, 127, 138, 147, 151, 152, 153, 158, 162, 164, 167, 173, 187, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 207, 214, 216, 218, 219, 220, 221, 222, 223, 235, 236, 237, 238, 239, 240, 241, 243, 244, 245, 246, 260, 266, 267, 268, 270 and 273 OF PLAINTIFF'S RULE 56(a)2 STATEMENT AS THEY ARE UNSUPPORTED BY RELEVANT AND/OR ADMISSIBLE EVIDENCE.**

  Plaintiff asserts that the above paragraphs, or portions thereof, should not be stricken because "defendants' argument that the facts are irrelevant or inadmissible merely demonstrates that there are issues of material fact, not that the facts are irrelevant." Plf. Mem. at 7. Regardless of the cogency or persuasiveness of Plaintiff's argument, which Defendants question, Plaintiff has misunderstood the basis for Defendants' request that said

facts be stricken. Defendants do not argue that the purported facts are irrelevant (although many are). Instead, Defendants move to strike the facts because the evidence offered in support of those facts is either (1) not probative of the fact (in that the cited evidence simply does not support the fact asserted); or (2) inadmissible (consisting of documents not authenticated or deposition transcripts not certified).

Plaintiff's failure to provide probative and/or admissible evidence in support of the above referenced facts contravenes Local Rule 56(a)3 ("each statement of material fact...by an opponent in a Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Statements from deponents which do not make the fact more or less probable do not comply with the rule as they do not constitute evidence from a "witness competent to testify" to the fact at trial. References to documents not authenticated or deposition transcripts not certified likewise fail to comply with the rule because they do not constitute "evidence that would be admissible at trial." As the evidence supporting the above cited paragraphs, or portions thereof, do not comply with Local Rule 56(a)3, said paragraphs should be stricken.

5

> E. **THE COURT SHOULD STRIKE ALL OR PORTIONS OF PARAGRAPHS 36, 57, 60, 147, 148, 156, 157, 253, 255 OF PLAINTIFF'S RULE 56(a)2 STATEMENT AS THE DEPOSITION TESTIMONY CITED IS NOT BASED UPON PERSONAL KNOWLEDGE**

Plaintiff argues that the above referenced paragraphs, or designated portions thereof, should not be stricken because the testimony cited in support thereof is based upon the personal knowledge of the witnesses. In support of this argument, Plaintiff relies solely upon either conclusory statements completely unsupported by the record ("Durham has personal knowledge for more than just Russo's explicit and documented complaints") or general characterizations of the record without citations to specific transcript page numbers ("Huertas and Croughwell testified as to the ability to plant drugs on gang members by having possession of such quantities of drugs").[2] Plf. Mem. at 8.

Moreover, Plaintiff's Opposition confirms the lack of personal knowledge of Plaintiff himself to the challenged facts. Id. (acknowledging that Plaintiff's knowledge of the

---

[2] Defendants note that Plaintiff's assertion that Huertas and Croughwell testified as to the ability of someone with such quantities of drugs to plant them on someone falls far short of supporting the asserted facts which allege that the certain individuals actually planted drugs on persons.

purported facts in ¶¶ 147, 148, 156 and 157 was obtained "through those who witnessed the events and from being informed directly by those involved). Plaintiff also acknowledges that Lawlor had no personal knowledge of the alleged fact contained in ¶ 253 (citing to evidence that Lawlor had "heard" of detectives having extramarital affairs without disputing Lawlor's prior assertion that he had "no personal knowledge" of "any detectives having extramarital affairs"). Id.; Def. Mem., Tab 6, at 153:5-153:15.[3]

As Plaintiff has failed to cite to the testimony of an individual with personal knowledge of the facts in these paragraphs, they should be stricken.

> F. **THE COURT SHOULD STRIKE THE FOLLOWING EVIDENCE AND ALL CORRESPONDING PARAGRAPHS THAT RELY SOLELY ON SUCH EVIDENCE, INCLUDING PARAGRAPHS 19, 21, 22, 23, 24, 25, 28, 91, 97, 99, 115, 117, 118, 120, 121,125, 126, 129, AND 273 BECAUSE PLAINTIFF HAS FAILED TO DISCLOSE THIS EVIDENCE DESPITE DEFENDANTS' SPECIFIC REQUEST FOR SUCH DISCLOSURE.**

---

[3] Plaintiff accuses Defendants of misleading the court, asserting that Defendants have misrepresented "that Lawlor did not testify that Rovella had an affair with Alexander". Defendants never asserted that Lawlor did not testify that Rovella had an affair with Alexander. Defendants merely argued, and provided evidence from the record concretely establishing, that Lawlor had no personal knowledge of any such affair. However, even if Defendants had made such an assertion, Plaintiff has not offered any evidence suggesting that such a statement would be misleading. Plaintiff has offered no proof that Lawlor ever testified that Rovella and Alexander had an affair. The testimony of Lawlor cited by plaintiff only establishes that Lawlor had "heard" about such an affair.

Plaintiff does not dispute that the evidence supporting the above referenced paragraphs (consisting of deposition transcripts and exhibits from other proceedings) was not provided to defendants' counsel in response to Hartford's Second Set of Interrogatories and Production (the "October 2002 Requests" Def. Mem., Tab 7; Tab 9) seeking, inter alia, all statements from witnesses identified as having knowledge of facts supporting Plaintiff's claims. Plaintiff instead argues that his failure to provide those materials in response to the October 2002 Requests does not warrant the striking of all facts relying solely upon said evidence because the materials were identified by Plaintiff in response to Defendants' February 23, 2001 Request for Production (the "February 2001 Request") seeking production of all materials referred to, identified or relied upon by plaintiff in answering interrogatories accompanying that request. Plf. Mem. at 9.

Plaintiff's argument is disingenuous at best. Counsel for Hartford made specific inquiry of plaintiff's counsel as to whether plaintiff's reference to the "deposition transcripts" of witnesses with knowledge of facts supporting Plaintiff's claims in his response to the October 2002 Requests included transcripts from other proceedings (the very transcripts now offered by plaintiff). Def. Mem., Tab 9; Tab 10; Tab 11 at 3. Plaintiff's counsel affirmatively represented in response that the deposition transcripts from this consolidated

matter were the only materials responsive to the October 2002 Requests. Def. Mem., Tab 12 at 2. The fact that the transcripts from other cases were previously identified[4] by Plaintiff as materials relied upon in answering interrogatories is simply irrelevant, as Defendants' discovery efforts were taken in reliance upon plaintiff's subsequent representations that those transcripts did not constitute statements from witnesses with knowledge of facts supporting Plaintiff's claims.

As the evidence in support of paragraphs 19, 21, 22, 23, 24, 25, 28, 91, 97, 99, 115, 117, 118, 120, 121, 125, 126, 129 and 273 was never, despite specific inquiry, properly disclosed, those paragraphs should be stricken.

## CONCLUSION

For all of the foregoing reasons, along with the reasons stated in their primary memorandum, Defendants' Motion to Strike should be granted.

---

[4] Plaintiff's disclosure in response to the February 2001 Request is quite vague as it neither identifies the witnesses that actually gave deposition testimony in those matters, nor that exhibits to those depositions exist.

9

DEFENDANT,
CITY OF HARTFORD

By: _____/w permission_____
Jill Hartley (ct 10570)
John P. Shea, Jr. (ct 17433)
Michael G. Albano (ct 21440)
Sabia & Hartley, LLC
190 Trumbull Street
Hartford, CT 06103
Tel: (860) 541-2077
Fax: (860) 713-8944

POLICE DEFENDANTS,
JOSEPH CROUGHWELL, JEFFREY
FLAHERTY, DAVID KENARY,
DARYL ROBERTS, CHRISTOPHER
LYONS, ROBERT LAWLOR, JAMES
ROVELLA, CHARLES LILLEY,
ROBERT RUDEWICZ and
BRUCE MARQUIS

By: _____
Charles L. Howard
Federal Bar No. CT 05366
Gregg P. Goumas
Federal Bar No. CT 19095
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Tel: (860) 251-5000
Fax: (860) 251-5599

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Strike was sent via first class mail, postage prepaid, this 21st day of May, 2004, as follows:

James S. Brewer, Esq.
Law Office of James S. Brewer
818 Farmington Avenue
West Hartford, CT 06119

John T. Forrest, Esq.
Law Offices of John T. Forrest
142 Jefferson Street
Hartford, CT 06106

Helen Apostolidis, Esq.
Office of Corporation Counsel
City of Hartford
550 Main Street
Hartford, CT 06103

Frank Szilagyi, Esq.
Silvester & Daly
72 Russ Street
Hartford, CT 06106

John P. Shea, Jr., Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Gregg P. Goumas

372532 v.01 S1